MARTHA BIGGER ET AL. v. JOHN E. JONES & SON.

(No. 2420.)

APPEAL from Rusk County. Opinion by WILLSON, J.

DRURY FIELD, counsel for appellant.

G. H. GOULD, counsel for appellees.

§ **227.** *Exempt property; exemption does not apply to debts secured by lien on property claimed as exempt; case stated.* Appellees sued Martha Bigger upon her promissory note, and to foreclose a mortgage on a wagon and two mules. He also sued out a writ of sequestration and had the wagon and mules seized thereunder. Martha Bigger replevied said property, giving a replevy bond with the other appellants herein as sureties. Upon a trial of the case appellee recovered judgment against Martha Bigger for his debt, interest and costs, and against her sureties on the replevy bond for $200, the value of the property replevied. Appellant claimed all of said property as exempt to her as the head of a family. *Held:* Her claim that said property is exempt from forced sale is fully met and answered by the statute, which expressly provides that the statute exempting personal property shall not apply to debts which are secured by a lien on such property. [R. S. art. 2342.]

§ **228.** *Replevy bond; effect of; loss, etc., of property replevied; obligors on bond must bear such loss, etc.* Appellants pleaded and offered to prove that after said property was replevied one of the mules had died, and they claimed that they should be credited on said bond with the value of said mule. The court rejected evidence to prove the death and value of the mule. *Held* correct. The property was released from the custody of the law and restored to the possession of the owner under and by virtue of the replevy bond, and by the conditions of said bond the obligors bound themselves that said owner would have said property forthcoming to abide the decision of the court in said suit, or would pay the value thereof, etc. [R. S. art. 4499.] The statute in such case provides that, if the suit is decided against the defendant, final judgment shall be entered against all the obligors in such bond, jointly and severally, for the value of the property replevied, etc. [R. S. art. 4501.] It is further provided that the defendant shall have the right, within ten days after the rendition of such judgment, to

deliver to the proper officer the property replevied, or any portion thereof, and shall receive credit on such judgment for the value of the property so delivered. [R. S. art. 4502.]. But if the property be not so delivered, execution shall issue upon such judgment as in other cases. [R. S. art. 4504.] It is clear from these provisions of the statute, that appellants were not entitled to any credit upon the judgment for the value of the mule which died. The obligors in the replevy bond were bound to return the property replevied to abide the decision in the cause, or to pay the value of such property. Whatever injury or loss may occur to property thus replevied must be borne by the obligors.

December 15, 1886.                          Affirmed.